FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

99 MAR 30  PM 3:44

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MARGIE NESMITH, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 98-B-0730-J |
| GENERAL MOTORS CORPORATION, a corporation and DELCO ELECTRONICS CORPORATION, a corporation, | } | |
| Defendants. | } | |

ENTERED

MAR 3 0 1999

## MEMORANDUM OPINION

This case is before the court on plaintiff's Motion to Remand. Upon consideration of the record, the submissions of the parties, and the relevant law the court is of the opinion that plaintiff's Motion will be denied.

### FACTUAL SUMMARY

Plaintiff Margie Nesmith ("plaintiff") originally filed this action on February 23, 1998, as a putative class action in the Circuit Court of Walker County, Alabama. On March 27, 1998, defendants General Motors Corporation ("GM") and Delco Electronics Corporation ("Delco") removed the case to this court on the basis of diversity jurisdiction. Plaintiff is a citizen of Alabama. (Def. Notice of Removal ¶ 3). GM is a Delaware corporation with its principal place of business in Michigan, and Delco is a Delaware corporation with its principal place of business in Indiana. (*Id.* at 4-5).

16

Plaintiff alleges violations of the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and Fraudulent Suppression of the Truth on the part of the defendant. (Pl.'s Compl.). She only seeks compensatory damages for herself and the class she purports to represent. (*Id.*). Plaintiff's Complaint does not claim a specific amount of damages, but does contain the following:

> Notwithstanding any other allegation or prayer for relief herein, this action is brought pursuant to the common law and statutory law of the State of Alabama. No claim is made under any Federal Statute or for any Federal cause of action. No claim is made for punitive damages in any amount and punitive damages are specifically waived. No single plaintiff has compensatory damages that equal or exceed Seventy Five Thousand Dollars ($75,000), and further waives any compensatory damages in excess thereof.

(Pl.'s Compl. at p. 10). According to plaintiff, the putative class includes at least 10,000 members. (*Id.* at ¶ 24).

## DISCUSSION

A case may be removed to federal district court by defendants in the action if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based on a federal question or diversity. A federal court has diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Additionally, if removal is premised upon diversity jurisdiction, none of the defendants in the action may be citizens of the forum state for the action to be removable.

Defendants removed this case claiming that this court has diversity jurisdiction. There is no question that there is diversity of citizenship. The question presented is whether the requisite

amount in controversy is present. Three arguments are presented by defendants in support of their opposition to plaintiff's Motion to Remand: 1) each putative plaintiff's aggregated claims for compensatory damages exceeds $75,000; 2) the attorneys' fees at issue should be aggregated to determine the amount in controversy, and in the aggregate exceed $75,000; and 3) the value of potential injunctive relief should be aggregated to determine the amount in controversy, and that value to the plaintiff and to the putative class exceeds $75,000.

**1. Aggregation of plaintiff's compensatory claims**

Defendants argue that each of plaintiff's compensatory damages claims should be aggregated, and that this amount exceeds the amount needed to give this court diversity jurisdiction. (Def. Br. in Opp'n to Pl.'s Mot. to Remand at 6). Defendants assert that plaintiff, on behalf of herself and each putative class member, brings two distinct claims, and that each has its own prayer for relief. (*Id*). Defendants assert that the court should aggregate the amount of the two claims, thereby allowing the jurisdictional amount to be met. (*Id.*).

Count One of plaintiff's Complaint states a claim under the AEMLD in which "[p]laintiff demands judgment against each of the defendants, jointly, separately, and severally. . . for such compensatory damages as may be allowed by law, but in no event to exceed Seventy-Five Thousand Dollars." (Pl.'s Compl. ¶ 15). Count Two of the Complaint states a claim of Fraudulent Suppression of the Truth and states the same prayer for relief. (*Id.* at 20). The same prayer for relief is found in plaintiff's third count requesting a class action.[1] (*Id.* at 29). In the "Notice" statement found at the end of the Complaint, plaintiff states that "[n]o single plaintiff has

---

[1] It states a demand for no more than "Fifty Thousand Dollars," but then has "$75,000" in parenthesis.

3

compensatory damages that equal or exceed Seventy Five Thousand Dollars ($75,000), and further waives any compensatory damages in excess thereof." (Pl.'s Compl. at p. 10).

In support of the contention that compensatory damages should be aggregated defendants rely upon an unpublished opinion from a judge on this court. In *Pipes v. American Security Insurance Co.*, 1996 WL 928197 (N.D. Ala. Feb. 29, 1996), the court faced a remand issue somewhat similar to the one at hand. In that case, the court was faced with a complaint containing three separate counts and a separate prayer for each count. (*Id.* at *1). Although each prayer for relief sought less than $50,000 in damages, the court determined that each individual plaintiff, given the fact that they were seeking up to $50,000 on each one of the three claims, met the amount in controversy. (*Id.* at *2). The *Pipes* opinion is of no help to defendants in this case because, as stated above, plaintiff and the putative members of the class unequivocally waived any compensatory damages in excess of $75,000. (Pl.'s Compl. at p. 10).

When a single plaintiff joins several claims against a defendant, the general rule is that the value of all claims can be aggregated in determining whether the requisite jurisdictional amount in controversy has been met. *Bullard v. City of Cisco*, 290 U.S. 179 (1933); *Pearson v. National Soc. of Public Accountants*, 200 F.2d 897, 898 (5th Cir. 1953); *see also* 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3704 (1998). Each of plaintiff's claims states a prayer for relief not in excess of $75,000. However, the "Notice" statement located at the end of the Complaint states that "no single plaintiff has compensatory damages that equal or exceed $75,000, and further waives any compensatory damages in excess thereof." Furthermore, in plaintiff's brief she states that "the total, complete, whole, and maximum sum that can possibly be recovered by any 'single plaintiff' will not equal or exceed $75,000. This absolute limit states

4

each individual plaintiff's absolute maximum recovery, regardless of how many counts there are in the Complaint or how many defendants may ultimately be found liable." (Pl.'s Mem. of Law in Supp. of Mot. Remand at 6). Based on the Notice in plaintiff's Complaint and counsel's representations to the court, the court finds that the amount in controversy cannot be satisfied by aggregating plaintiff's compensatory claims.

### 2. Aggregation of attorneys' fees

Defendants argue that the court should aggregate the amount of attorneys' fees that will be paid to plaintiff's counsel to reach the amount in controversy. Plaintiff did not request attorneys' fees in her Complaint. Although the court has reservations about aggregating attorneys' fees that are not specifically sought, it is clear that plaintiff's counsel would seek and be entitled to attorneys' fees if a class is eventually certified and is successful on its claims. This court has concluded in the past, as have other district courts in this circuit, that attorneys' fee awards in class actions should be aggregated for purposes of determining the requisite amount in controversy for diversity jurisdiction. *See Davis v. Carl Cannon Chevrolet-Old, Inc.*, 97-P-2889-J (N.D. Ala. Feb. 20, 1998); *Culverson v. General Motors Acceptance Corp.*, 96-B-3331-J (N.D. Ala Sept. 30, 1997); *Howard v. Globe Life Ins. Co.*, 973 F. Supp 1412, 1419-21 (N.D. Fl. 1996).

The court notes that the Eleventh Circuit Court of Appeals has accepted an interlocutory appeal in *Davis* to determine if attorney's fees in class actions may be aggregated for the purpose of determining whether the requisite amount in controversy exists for diversity jurisdiction. Although plaintiff in this case and plaintiffs in other cases have made persuasive arguments that this court should reconsider its decision in *Culverson*, the court has determined to await the Eleventh Circuit's decision in *Davis*. Thus, this court again concludes that the analysis in

## CONCLUSION

Based upon the foregoing, the court finds that plaintiff's Motion to Remand is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 30th day of March, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge