FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

00 FEB 29 PM 12: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MARGIE NESMITH, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 98-B-0730-J |
| | } | |
| GENERAL MOTORS | } | |
| CORPORATION, a corporation and | } | |
| DELCO ELECTRONICS | } | |
| CORPORATION, a corporation, | } | |
| | } | |
| Defendants. | } | |

ENTERED

MAR - 1 2000

## MEMORANDUM OPINION

This case is before the court on plaintiff's Renewed Motion To Remand And Motion To Stay Consideration Of Motion For Summary Judgment filed November 16, 1999.[1] Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.

### I. FACTUAL SUMMARY

Plaintiff Margie Nesmith ("plaintiff" or "Nesmith") originally filed this action on February 23, 1998, as a putative class action in the Circuit Court of Walker County, Alabama. On March 27, 1998, defendants General Motors Corporation ("GM") and Delco Electronics Corporation ("Delco") (collectively "defendants") removed the case to this court on the basis of diversity jurisdiction. Plaintiff is a citizen of Alabama. (Def. Notice of Removal ¶ 3.) GM is a

---

[1] By Order dated March 30, 1999, the court denied Plaintiff's original Motion to Remand. Intervening Eleventh Circuit precedent, however, prompted the court to invite the Renewed Motion.

Delaware corporation with its principal place of business in Michigan, and Delco is a Delaware corporation with its principal place of business in Indiana. (*Id.* at ¶¶ 4-5.)

Plaintiff alleges violations of the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and Fraudulent Suppression of the Truth on the part of the defendants. (Pl.'s Compl. ¶¶ 7-20.) She only seeks compensatory damages for herself and the class she purports to represent. (*Id.* at pp. 5, 6, 10.) Plaintiff's Complaint contains the following disclaimer:

> Notwithstanding any other allegation or prayer for relief herein, this action is brought pursuant to the common law and statutory law of the State of Alabama. No claim is made under any Federal Statute or for any Federal cause of action. No claim is made for punitive damages in any amount and punitive damages are specifically waived. No single plaintiff has compensatory damages that equal or exceed Seventy Five Thousand Dollars ($75,000), and further waives any compensatory damages in excess thereof.

(*Id.* at p. 10.) The complaint contains no mention of injunctive relief, but neither has plaintiff disclaimed such relief. According to plaintiff, the putative class includes at least 10,000 members. (*Id.* at ¶ 24.)

## II. DISCUSSION

A case may be removed to federal district court by defendants in the action if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be based on a federal question or diversity. A federal court has diversity jurisdiction over an action if the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Additionally, if removal is premised upon diversity jurisdiction, none of the defendants in the action may be citizens of the forum state for the action to be removable.

Defendants removed this case claiming that this court has diversity jurisdiction. There is no question that there is diversity of citizenship. The parties agree that the sole question before the court on this motion is whether potential injunctive relief may be aggregated in order to meet the requisite amount in controversy. Plaintiff contends that (1) defendants must prove to a legal certainty that plaintiff's claim exceeds the jurisdictional limit of $75,000; (2) the absence of a request for injunctive relief in the complaint precludes defendants from proving to a legal certainty that plaintiff's claim exceeds the jurisdictional limit; and (3) any potential injunctive relief must be viewed from plaintiff's perspective and therefore may not be aggregated.

In response, defendants argue that (1) they need only prove by a preponderance of evidence that plaintiff's claim exceeds the jurisdictional limit of $75,000; (2) plaintiff's failure to assert an express claim of injunctive relief in her complaint is not dispositive of the Renewed Motion to Remand; and (3) under the facts of this case, it is proper to aggregate the value of potential injunctive relief. The court will address these arguments in turn.

A.  **Burden of Proof**

In *Burns v. Windsor Insurance Co.*, the Eleventh Circuit held that where a plaintiff places a cap on damages requested in the complaint, "to avoid a remand, defendant must prove to a legal certainty that plaintiff's claim must exceed [the jurisdictional limit]." *Burns*, 31 F. 3d 1092, 1095 (11th Cir. 1994).[2] In *Tapscott v. MS Dealer Service Corp.*, the Eleventh Circuit held that "[w]here a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer."

---

[2] The *Burns* plaintiff specifically claimed "not more than $45,000.00" in damages. *Burns*, 31 F. 3d at 1093.

3

*Tapscott*, 77 F. 3d 1353, 1356-57 (11th Cir. 1996).[3] As noted, in this case, plaintiff disclaims any punitive damages and states that "[n]o single plaintiff has compensatory damages that equal or exceed Seventy Five Thousand Dollars ($75,000), and further waives any compensatory damages in excess thereof." (Pl.'s Compl. at p. 10.) Therefore, the plaintiff in this case, like the *Burns* plaintiff, has given the court a specific amount to which it may defer. Consequently, the court is of the opinion that defendants must prove to a legal certainty that plaintiff's claims exceed the jurisdictional limit.

**B.     The Absence of a Request for Injunctive Relief in the Complaint**

As noted in the plethora of cases cited by plaintiff, a putative class representative has the authority, for jurisdictional purposes, to limit the type and amount of damages claimed by the putative class that s/he seeks to represent. (Pl.'s Brief at 2) (collecting cases on plaintiffs' ability to disclaim punitive damages.) Federal Rule of Civil Procedure 54(c), however, provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed. R. Civ. P. 54(c). Rule 54 is tempered by the requirement that a pleading which sets forth a claim for relief shall contain "a demand for judgment for the relief the pleader seeks." Fed R. Civ. P. 8(a)(3); *see Goldsmith v. City of Atlanta*, 996 F. 2d. 1155, 1166 (11th Cir. 1993) (holding that under Rule 8(a)(3) any pleading that sets forth a claim must include a concise statement identifying the remedies and the parties against whom relief is sought).

---

[3]In *Cohen v. Office Depot, Inc.*, 2000 WL 217490 (11th Cir. Feb. 24, 2000), the Eleventh Circuit called into question an unrelated part of *Tapscott*.

The Eleventh Circuit, in reconciling these seemingly contradictory Rules, has recently stated:

> But we do not view that language of Rule 54(c) as eviscerating Rule 8(a)(3)'s express and unambiguous direction that the plaintiff include a demand for relief in her pleadings. "The demand in fact may be helpful in indicating the relief to which plaintiff is entitled . . . . In addition, relief that the parties do not desire should not be forced on them." 10 Wright, Miller, & Kane, Federal Practice and Procedure § 2662, at 158-60 (3d ed. 1998). Furthermore, the portion of Rule 54(c) relating to default judgments provides that where the party against whom the claim is brought fails to defend against the claim, the relief awarded in a default judgment "shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Thus, that part of Rule 54 actually reinforces Rule 8(a)(3)'s direction that the relief sought be included in the complaint.

*Cohen v. Office Depot, Inc.*, 184 F. 3d 1292, 1298 (11th Cir. 1999), *vacated in part*, 2000 WL 217490 (11th Cir. Feb. 24, 2000).[4]

Recently, however, the Eleventh Circuit considered the issue of aggregating attorneys' fees to reach the requisite amount in controversy. *Davis v. Carl Cannon Chevrolet-Olds, Inc.*, 182 F. 3d 792 (11th Cir. 1999). Before reaching the central issue, the court addressed the following threshold question:

> There is no dispute among the parties that plaintiffs' lawyers will seek a fee ultimately paid by the defendant. While the complaint contains no such claim, the plaintiffs' lawyers candidly acknowledged at oral argument that they were not working for free, and the district court took an attorney-fee claim to be implicit in the class action complaint.

---

[4] On rehearing, the Eleventh Circuit vacated part of its original opinion, but left intact the portion cited by this court. *Cohen*, 2000 WL 217490, at *1 ("We adhere to and leave that part of our earlier opinion intact.").

5

*Id.* at 794-95.[5] Having decided that the absence of a specific request for attorneys' fees did not foreclose such fees, the court went on to address the central issue of aggregation. *Id.* at 795-98.

In sum, both the Federal Rules and Eleventh Circuit precedent cloud, rather than clarify, the effect of a plaintiff's failure to plead specific relief. Against this ambivalent legal backdrop, the parties in this case stake out opposite positions regarding the effect of plaintiff's failure to plead injunctive relief. Plaintiff contends that (1) the mere possibility that plaintiff could seek and be awarded injunctive relief precludes defendants from proving to a "legal certainty" that plaintiff's claim will exceed the jurisdictional limit; and (2) defendants have made no effort to establish the alleged value to plaintiff of such relief and possible benefits that are speculative and immeasurable cannot be relied on to establish the amount in controversy. (Pl.'s Brief at 4.)

In response, the defendants offer a multi-tiered argument. First, defendants make several points that essentially go to the same argument: plaintiff, because she did not disclaim injunctive relief, may receive it. (Defs.' Brief at 6-8.) Second, defendants note the following deposition testimony by plaintiff:

> Q: If the court finds a basis for requiring GM to give some sort of notice about these kind of vehicles, is that what you would like the court to do?
>
> . . .
>
> A: Yes.
>
> Q: Because you believe your car is dangerous; is that right?

---

[5]The court is aware that the pronouncements by the Eleventh Circuit in *Cohen* and *Davis* are dicta. Regardless, such statements can guide the court in its decision. *See Horton v. Bd. of County Comm'ers*, 2000 WL 121124, at *5 (11th Cir. Feb 1, 2000) ("even though not binding, dicta sometimes can be useful"). The Eleventh Circuit's pronouncement on dicta in *Horton* was, of course, dicta.

A: Yes.

Q: Dangerous not only to you but to other people driving around you; is that right?

A: That's correct.

Q: And you believe that other people with cars similar to yours are driving dangerous cars; is that right?

A: Yes.

Q: And so, if you have a legal right to ask for it, you would like the court to tell GM to give everyone notice about this alleged problem, right?

. . .

A: That's right.

Q: And you want the court to order GM to fix your car, right?

. . .

A: Yes, if they can.

Q: And you would like the court to order GM to fix other people's cars as - - that you feel are similar to yours with the same problem, correct.

. . .

A: Yes.

(Nesmith Dep. at 88-89.) Plaintiff's counsel objected to this line of questioning on the gorunds that defendants were asking plaintiff to draw legal conclusions and that the complaint spoke for itself. (*Id.* at 89-90.)

Finally, based on this deposition testimony, defendants contend that even when viewed from plaintiff's perspective, aggregated injunctive relief consisting of recall and repair of all cars and statewide notice to all consumers easily exceeds the jurisdictional limit of $75,000.

7

In essence, defendants are asking the court to assume that (1) plaintiff, at some point, will either request or be awarded injunctive relief;[6] (2) based on plaintiff's deposition testimony, recall and repair of affected vehicles, as well as statewide notice to all consumers, are essential ingredients of such relief; and (3) as viewed from plaintiff's perspective, the statewide notice can be assigned a large, quantifiable value.

As the Eleventh Circuit has noted, possible benefits which are speculative and immeasurable may not be relied upon to establish the amount in controversy. *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F. 3d 216, 221-22 (11th Cir. 1997) ("Any benefit that [plaintiff] could receive from the injunctive relief awardable by the district court -- namely, the chance to rebid for the contract -- is, in our view, too speculative and immeasurable to satisfy the amount in controversy requirement."); *see also Cohen*, 2000 WL 217490, at *8 ("We therefore conclude that any monetary value to [plaintiff]'s class from the injunction is either nonexistent, *or at least too tenuous of a foundation for diversity jurisdiction*.") (emphasis added). In this case, not only are defendants asking the court to speculate as to the existence, nature, and value of any putative injunctive relief, but they are also asking the court to conclude *to a legal certainty* that such speculative injunctive relief will cause plaintiff's claim to exceed the jurisdictional limit.

---

[6]Given the equivocal law on the subject, the court assumes, without deciding, that plaintiff's failure to ask for or disclaim injunctive relief does not preclude her from recovering it.

The court is unwilling to make such a conclusion. Therefore, the court is of the opinion that defendants have failed to prove to a legal certainty that plaintiff's claim exceeds the jurisdictional limit.[7]

### III. CONCLUSION

Based upon the foregoing, the court finds that plaintiff's Renewed Motion To Remand is due to be granted and the case is due to be remanded to the Circuit Court of Walker County, Alabama. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 29th day of February, 2000.

SHARON LOVELACE BLACKBURN
United States District Judge

---

[7]Consequently, the court need not reach the issue of aggregation of injunctive relief.